IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Susan Reynolds-Langston, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-CV-1201 |
| | ) | |
| George H. Ryan, | ) | |
| Country Companies Insurance and | ) | |
| Associates, | ) | |
| Allstate Insurance and Associates, | ) | |
| Ron W. Williams[1] | ) | |
| Hans Hansen, | ) | |
| Sheryl L. Hansen, | ) | |
| Sareh[2] Hansen, | ) | |
| Creve Coeur Police Department, and | ) | |
| Tazewell County Police Department[3], | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendants' motions to dismiss (d/e's 26, 28, 32, 35). For the reasons below, the Court recommends the motions be granted.

---

[1]Terminated per the Amended Complaint (d/e 21).

[2]Plaintiff uses the spelling "Sara" in her caption. Some attachments to the Complaint appear to use the spelling "Sarah." Defendants' counsel, however, uses the spelling "Sareh," which the Court adopts.

[3]Terminated per the Amended Complaint (d/e 21).

## Standard

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or challenges to the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." Id., *quoting* Bell Atlantic, 127 S.Ct. at 1965, 1973 n. 14. In applying these standards, pro se complaints are construed liberally. Kaba v. Stepp, 458 F.3d 678, 687 (7th Cir.2006).

The Court has not considered any documents attached to the motions to dismiss or any allegations in the motions to dismiss that amount to matters outside Plaintiff's pleadings.  See Fed. R. Civ. P. 12(d)("matters outside the pleading," cannot be considered unless motion is treated as a motion for summary judgment).  The Court has relied only on the Amended Complaint (d/e 21) and Plaintiff's responses to the motion to dismiss (d/e's 38, 42, 43, 45, 46, 47) to determine the nature of Plaintiff's claims.

## Allegations

The bulk of Plaintiff's allegations involve a car accident on November 27, 2005 in Creve Coeur, Illinois.[4]  It appears that Defendant Sareh Hansen drove her car into Plaintiff's car, causing Plaintiff bodily injury and property damage to Plaintiff's car.

It appears from the attachments to the Complaint that Plaintiff filed a case in Illinois Small Claims Court to recover damages arising from the accident.  It also appears from Plaintiff's submissions that the claims court case was dismissed, but it is not clear exactly what happened or why.  Also attached to the Complaint are documents that purport to be releases

---

[4] The Court does not recount in this Recommendation any of Plaintiff's allegations that are unrelated to her claims against the defendants in this case, as doing so is unnecessary and irrelevant to the Court's Recommendation.

signed by Plaintiff, which release her claims arising from the accident in return for certain sums of money.  She seems to allege that the releases are invalid and unenforceable or that the promised money was not paid.  For her relief, Plaintiff seeks damages to the limit of the insurance policies and $100,000 from the insurance companies for their bad faith.

Plaintiff also names former Governor George Ryan as a defendant in what looks like a separate claim.  She seems to allege that, in 1999, Ryan improperly removed, or caused the Illinois Department of Children and Family Services, to improperly remove Plaintiff's children from her care and/or terminated her parental rights.  She also alleges that Ryan removed a new born baby from her home in 2001.

**Analysis**

The insurance companies and the Hansens move to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, Fed. Civ. P. 12(b)(6).  Defendant George Ryan moves to dismiss for failure to state a claim and alternatively asserts that any claim is barred by the statute of limitations.  Defendant Creve Coeur Police Department has not appeared in the case.

Defendant George Ryan has not been a government official since January 2003 when he left office. Plaintiff's allegations against Ryan are not clear, but even assuming for the sake of argument that Ryan violated Plaintiff's federal rights when he was Governor, Plaintiff's federal claims arising from that violation would be barred by the two-year statute of limitations. Evans v. City of Chicago, 434 F.3d 916, 934 (7th Cir.2006)(Illinois statute of limitations is two years from the date a plaintiff knows (or should have known) that his or her constitutional rights were violated).[5] Accordingly, the Court will recommend that Plaintiff's claims against Ryan be dismissed as barred by the statute of limitations. The Court need not address Ryan's other arguments for dismissal.

Defendant Creve Coeur Police Department has not appeared, and there is nothing in the record to indicate Plaintiff effected service on the Department. The Police Department is a government actor, but no plausible inference arises that it violated any of Plaintiff's federal rights. The only understandable allegation against the Creve Coeur Police Department is that someone from it arrived at the scene of the auto accident in November 2005. The Court accordingly recommends that the

---

[5]Plaintiff asserts that there is no statute of limitations on murder, but that would apply to a criminal case, not a civil case.

claim against Creve Coeur Police Department be dismissed sua sponte for failure to state a federal claim against it.[6]  *See* Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997)("[s]ua sponte 12(b)(6) dismissals are permitted, provided that a sufficient basis for the court's action is evident from the plaintiff's pleading."); *see also* Davit v. Davit, 366 F.Supp.2d 641, 661 (N.D. Ill. 2004)(sua sponte dismissal of claim against defendant for failure to state a claim, though defendant had argued that he had not been served).

That leaves the claims against the Hansens and the insurance companies.  Plaintiff alleges that she and the defendants were agents of the United States government when the accident occurred.  These allegations do not "plausibly suggest" that the defendants were acting as governmental officials or that Plaintiff's federal rights were violated.  *See* 42 U.S.C. § 1983; Christensen v. County of Boone, 483 F.3d 454, 459 (7th Cir. 2007)("In order to state a claim under § 1983, the plaintiffs must allege that a government official, acting under color of state law, deprived them of a right secured by the Constitution or laws of the United States."); Small v. Chao, 398 F.3d 894, 898 (7th Cir. 2005)("a Bivens action . . . applies only to

---

[6] In the Court's view, any amendment would be futile, since a federal claim about the police department's actions in 2005 would be barred by the statute of limitations.

federal actors,; 28 U.S.C. § 2671 *et seq.* (Federal Tort Claims Act applies to torts committed by federal employees).[7]

In short, the Court is unable to discern any federal claim against the Hansens or the insurance companies. Plaintiffs' claims arising from the accident and from the insurance companies' bad faith are based on state law, not federal law. The federal courts have limited power. Generally, federal courts have the power to decide cases involving violations of federal law ("federal question jurisdiction"),[8] or cases between citizens of different states ("diversity jurisdiction"). As discussed above, Plaintiff has no claims based on violations of federal law, nor does diversity jurisdiction exist.[9] A federal court can have supplemental jurisdiction over state law claims, if the state law claims are sufficiently related to the federal claims stated. 28 U.S.C. § 1367(a). Here, however, there are no federal claims, and thus no possibility of supplemental jurisdiction. Accordingly, the Court will recommend dismissal of any state claims for lack of subject matter

---

[7]Plaintiff's Illinois license to operate a business does not make anyone an agent of the U.S. government or of State government.

[8]28 U.S.C. Section 1331 ("civil actions arising under the Constitution, laws, or treaties of the United States").

[9]28 U.S.C. § 1332. In this case, no inference of diversity jurisdiction exists, since Plaintiff and at least one of the defendants are citizens of Illinois. 28 U.S.C. § 1332(a); McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir.2006).

jurisdiction. The Court need not address the defendants' other arguments for dismissal.

WHEREFORE, the Court RECOMMENDS that Defendants' motions to dismiss (d/e's 26, 28, 32, 35) be granted and this case be terminated. In particular, the Court recommends that the federal claims against Defendant Ryan be dismissed as barred by the statute of limitations. The Court recommends that the claims against Defendant Creve Coeur Police Department be dismissed, sua sponte, for failure to state a federal claim. The Court further recommends that any federal claims pursued against Defendants Country Companies Insurance, Allstate Insurance, Hans Hansen, Sheryl Hansen, and Sareh Hansen be dismissed for failure to state a federal claim. The Court lastly recommends that any state claims pursued be dismissed for lack of subject matter jurisdiction.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:    January 15, 2009

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE