UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SUSAN REYNOLDS-LANGSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-cv-1201 |
| GEORGE H. RYAN, COUNTRY COMPANIES INSURANCE AND ASSOCIATES, ALLSTATE INSURANCE AND ASSOCIATES, HANS HANSEN, SHERYL HANSEN, SAREH HANSEN, and CREVE COEUR POLICE DEPARTMENT , | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. 48] issued by Magistrate Judge Byron G. Cudmore recommending that the Motion to Dismiss filed by Defendants Hans C. Hansen, Sheryl L. Hansen, and Sareh Hansen on October 27, 2008 [Doc. 26], the Motion to Dismiss filed by Defendant George H. Ryan on October 27, 2008 [Doc. 28], the Motion to Dismiss filed by Defendant Allstate Insurance & Associates on October 27, 2008 [Doc. 32], and the Motion to Dismiss filed by Defendant County Companies Insurance & Associates on October 31, 2008 [Doc. 35] be granted.  Plaintiff, Susan Reynolds-Langston, filed a timely objection on January 22, 2009 [Doc. 49], See 28 U.S.C. § 636(b)(1), to which Defendant Allstate Insurance & Associates responded [Doc. 51].  For the reasons set forth below, the Report and Recommendation is hereby ACCEPTED.

## DISCUSSION

Federal Rule of Civil Procedure 72(b) provides that an objecting party must "file specific written objections to the proposed finding and recommendations." While Plaintiff is not requires to assert a factual or legal basis for her objection, she must "specify each issue for which review is sought."   See Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).  The failure to make such an objection can result in a waiver of the right to appeal those issues.  Video Views Inc. v. Studio 21 Ltd., 797 F.2d 538 (7th Cir. 1986).  If timely and proper objections are made:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

Plaintiff's Amended Complaint offers a number of vague allegations that appear to  center on a car accident that occurred in November, 2005 between herself and the Hansen Defendants, who she alleges are agents of the government. Plaintiff also makes an assertion that Defendant Ryan improperly caused the removal of her children from her care.  The Motions to Dismiss argue that the Amended Complaint fails to state a claim or that there is no subject matter jurisdiction.  Judge Cudmore found that the unclear federal claims against Ryan are barred by a 2 year statute of limitations.  Judge Cudmore further found that while Defendant Creve Coeur Police Department has not appeared, there is no indication that Plaintiff effected service, nor is there a plausible inference that it violated Plaintiff's federal rights.  With respect to Plaintiff's claims against the Hansens (and the insurance company), Judge Cudmore found there is no plausible

assertion that they are agents of the government or that Plaintiff's federal rights were violated.  Moreover, Plaintiff's claims, at most may suggest a bad faith claim for which this Court lacks subject matter jurisdiction as there is no diversity jurisdiction.  In sum, Judge Cudmore found that Plaintiff failed to state a claim that her federal rights were violated, that any such claims are barred by a statute of limitation, and that this Court lacks subject matter jurisdiction.

Plaintiff's objection to the Report and Recommendation is not a model of clarity and includes matters that are outside of the Amended Complaint.  However, reading the document liberally, Plaintiff objects to Judge Cudmore's finding that her claims against Defendant Ryan are barred by a statute of limitations and she objects to the finding that the claims against the Creve Coeur Police Department should be dismissed because they did not file a motion to dismiss.  These two issues, then, will be reviewed *de novo*.

With respect to the first grounds for objection, and as noted above, Plaintiff alleged that in 1999 and 2001 Defendant Ryan, as an agent of Illinois' Department of Children and Family Services, caused the removal of her children.  It is wholly unclear how such an action violated Plaintiff's federal rights.  In any event, Plaintiff's claims must proceed under 42 U.S.C. § 1983 which would allow her to pursue a claim against a state actor for the deprivation of a constitutional right.  As such, any claim would be governed by Illinois' two year statute of limitations that governs other personal injury claims.  See Dominguez v. Hendley, 545 F.3d 585, 589 (7th Cir. 2008).  Plaintiff's claim, to the extent they are cognizable, clearly  fall outside of the two year statute of limitations.  As such, her claims against Defendant Ryan must be dismissed.

The Amended Complaint asserts no claim against the Creve Coeur Police Department. The only apparent relationship between the police department and the allegations in the Amended Complaint are that it responded to the accident between Plaintiff and the Hansen's which happened in the city of Creve Coeur. The Creve Coeur Police Department has not been served by Plaintiff. In her objections, Plaintiff does not indicate what claim she has, if any, against the police department. As such, it is appropriate to dismiss this Defendant. See Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). This Court finds no error in Judge Cudmore's resolution of these and the remaining claims.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation [Doc. 48] issued by Magistrate Judge Byron G. Cudmore is ACCEPTED. The Motions to Dismiss filed by Defendants [Docs. 26, 28, 32, and 35] are GRANTED. Defendants George H. Ryan, Country Companies Insurance & Associates, Hans C. Hansen, Sheryl L. Hansen, Sareh Hansen, and Creve Coeur Police Department are hereby DISMISSED.

CASE TERMINATED

Entered this 4th day of February , 2009

                                                s/ Joe B. McDade
                                                JOE BILLY MCDADE
                                                United States District Judge