UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SUSAN REYNOLDS-LANGSTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08-cv-1201 |
| GEORGE H. RYAN, et al., | ) |
| Defendants. | ) |

## O P I N I O N and O R D E R

Before the Court are the "Petition to Set Aside or Dismiss or Strike the Termination of the Above Case or Cases" filed by Plaintiff, Susan Reynolds-Langston, on October 26, 2009 [Doc. 77], the Motion for Leave to File Motion for Rule 11(b) Sanctions filed by Defendants, C. Hans Hansen, Sheryl Hansen, and Sareh Hansen, on November 6, 2009 [Doc. 79], and the Amended Motion for Leave to File Motion for Rule 11(b) Sanctions filed by the Hansens on November 9, 2009 [Doc. 80]. Plaintiff's Motion is DENIED and Defendants' Motions are DENIED WITHOUT PREJUDICE.

### BACKGROUND

On August 15, 2008, Plaintiff filed a Complaint that centered around a car accident that she was involved in with Defendant Sareh Hansen on November 27, 2005. Plaintiff also made allegations stemming from the alleged 1999 removal of her children from her care. On January 15, 2009, Magistrate Judge Cudmore issued a Report and Recommendation that Defendants' Motions to Dismiss be granted for various reasons including timeliness, failure to state a claim, and lack of

subject matter jurisdiction. On February 4, 2009, this Court accepted the Report and Recommendation. This Court found that any plausible claim against Defendant George H. Ryan was time-barred and that Plaintiff failed to state a claim against Defendants Hans Hansen, Sheryl Hansen, Sareh Hansen, Country Companies Insurance, Allstate Insurance, and Creve Coeur Police Department. Plaintiff's Complaint was dismissed.

Plaintiff filed a notice of appeal on February 17, 2009. On April 21, 2009, the Seventh Circuit Court of Appeals denied Plaintiff's Motion to Appeal in forma pauperis and summarily affirmed this Court's ruling.

Plaintiff has now filed a nonsensical petition to reopen this matter. In response, the Hansen Defendants have filed a motion for leave to file a Federal Rule of Civil Procedure 11(b) Motion without first providing the Motion to Plaintiff as provided by Rule 11(c)(2).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) allows a party to file a motion for relief from judgment for a variety of reasons that justify relief. Such a motion must be filed within a reasonable time. FED.R.CIV.P. 60(c)(1). Plaintiff offers no rationale reason why this Court's judgment should be set aside. Indeed, Plaintiff's filing just doesn't make any sense whatsoever.

Understandably, Defendants' responses to this Motion point out that it is frivolous and merely designed to unnecessarily protract these proceedings. These Defendants also seek sanctions should Plaintiff continue to file frivolous pleadings.

2

In addition, the Hansen Defendants seek Rule 11 sanctions against Plaintiff for filing this and other lawsuits.

With respect to the Hansens' Motion, Rule 11(c)(2) provides that prior to filing a motion for sanctions, a party must serve the motion on the opposing party to allow that party the opportunity to withdraw or correct the offending filing. The Hansen's seek to forgo this requirement due to the "severity of violations" to the rules of procedures in this Court and other courts and in order to deter Plaintiff from filing other frivolous lawsuits. The Court suspects that the Hansen Defendants probably believe that even if they served the Motion on Plaintiff, it would do little to compel her to withdraw her frivolous filing. Nonetheless, the Court is not convinced by Defendants' argument that Rule 11(c)(2) should be side-stepped. Therefore, the Hansen's Motion (and Amended Motion) is DENIED WITHOUT PREJUDICE.

Nonetheless, this Court retains the inherent power to impose sanctions and control litigation before it outside of the strictures of Rule 11. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Mach v. Will County Sheriff, 580 F.3d 495, 502 (7th Cir. 2009) (indicating that the Court should use caution in the exercise of such authority). After judgment was entered in this case, and while this matter was on appeal, Plaintiff attempted to resurrect her claims by filing a new suit, docketed as case number 09-cv-1253. That matter was dismissed on August 11, 2009 pursuant to Rule 12(b)(1) and this Court noted that the claims were incoherent and failed to state a claim. Again unsatisfied with this Court's rulings (and indeed the Seventh Circuit's findings), Plaintiff has filed the present "petition" in both cases. As noted

3

above, the Petition is nonsensical and warrants no relief.  In light of this conclusion, Plaintiffs continued filings can only be designed to harass Defendants and unnecessarily multiply these proceedings.  Therefore, Plaintiff is WARNED that any future frivolous filings in this case will be STRICKEN and will not be considered by the Court.  Plaintiff is further WARNED that if she persists in filing additional lawsuits against these Defendants arising out of the same circumstances OR files additional lawsuits that are clearly frivolous she will be subject to additional sanctions including, but not limited to, the striking of complaints that are filed without prior Court approval.[1]

.

Entered this 19th day of February, 2010

                                                      s/ Joe B. McDade
                                                      JOE BILLY MCDADE
                                               United States District Judge

---

[1] The Court takes notice that in 2000 and 2001 Plaintiff filed three lawsuits in this District that were dismissed at the pleading stage.  (00-cv-3335, 01-cv-1188, and 01-cv-1344)